Lin v. Sessions

BIA
Laforest, IJ
A200 294 186

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand eighteen.

PRESENT:
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

JIAN LIN,
>        *Petitioner,*

>        v.                                                    17-103
                                                              NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Cora J. Chang, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Anthony W.
                           Norwood, Senior Litigation
                           Counsel; Christina P. Greer, Trial
                           Attorney; Kiriaki Grammenidis, Law
                           Student Intern, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Lin, a native and citizen of the People's Republic of China, seeks review of a December 20, 2016, decision of the BIA affirming a February 5, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Lin,* No. A200 294 186 (B.I.A. Dec. 20, 2016), *aff'g* No. A200 294 186 (Immig. Ct. N.Y. City Feb. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's or witness's written and oral statements . . . ., the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Lin was not credible as to his claim that Chinese officials detained and harmed him on account of his distribution of religious flyers or as to his continuing practice of Christianity in the United States.

The agency reasonably relied on record inconsistencies regarding whether Chinese police broke several of Lin's ribs and whether he was unable to attend church for his first two years in the United States because he was living in Virginia and there was no church there where Chinese was spoken.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3.  Lin did not provide compelling explanations for these inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A

3

petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency reasonably relied further on his failure to rehabilitate Lin's credibility with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the agency noted, Lin failed to provide any evidence to corroborate his claim that police broke his ribs, or that he attends church weekly in the United States. Furthermore, the agency did not err in declining to credit Lin's mother's unsworn letter, in which she claimed to have bailed him out of jail and witnessed his injuries. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter because it was unsworn and from an interested witness).

Given the inconsistencies and the lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk